**FILED**
**JULY 14, 2026**
**In the Office of the Clerk of Court**
**WA State Court of Appeals, Division III**

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Parenting and Support of: | ) ) ) | No. 41299-7-III |
| S.S. and M.S. | ) | UNPUBLISHED OPINION |

HILL, J. —Monica Springer filed a petition to change her parenting plan with Jacob Smith based on new living arrangements and an allegation that Smith was verbally abusive. The trial court issued a new temporary parenting plan providing for a 50/50 residential schedule with joint decision-making. Several months later, Springer requested the court allow her to relocate to a new address. The trial court held an informal trial, but Smith filed a motion for reconsideration before the court entered the final parenting plan and relocation order. The trial court subsequently entered a final parenting plan establishing an alternating 50/50 residential schedule, joint decision-making, and no

No. 41299-7-III
*In re Parenting & Support of S.S. and M.S.*

limiting provisions. The trial court also approved Springer's request to relocate and denied Smith's motion for reconsideration.

Smith appeals, arguing the trial court's findings were not supported by substantial evidence and the trial court abused its discretion by (1) failing to rule on the motion for reconsideration before issuing its final orders, (2) adopting a 50/50 residential schedule, (3) refusing to adopt Smith's proposed limiting provisions, and (4) approving Springer's relocation request.

Smith does not provide this court with a complete record for our review, particularly the verbatim report of proceedings (VRP) from the informal trial. Without such records, Smith fails to demonstrate that the trial court abused its discretion when it made the findings and rulings Smith now complains of on appeal. We affirm the trial court's denial of Smith's motion for reconsideration and decline review of the remaining claimed errors.

FACTS

Jacob Smith and Monica Springer have had a parenting plan for their two children since 2020. The plan did not place limitations on either parent, and it provided joint decision-making authority for major decisions involving education, nonemergency health care, and day care. The children were scheduled to live with Smith for four days per week and with Springer for three days per week.

In April 2024, Springer filed a petition to change the parenting plan. Springer requested a major change, alleging Smith had been verbally abusive. Springer also requested a minor change due to her new work schedule. In her proposed parenting plan, Springer requested that the children live with her for the majority of the time.

Smith filed a competing proposed parenting plan requesting custody for six days of the week. He indicated Springer had neglected to fulfill her parenting duties and was experiencing emotional and/or physical problems. Smith requested sole authority to make major decisions regarding the children's education and nonemergency healthcare.

In August 2024, the trial court issued a temporary order that did not place any limitations on either parent, required joint decision-making, and provided a nearly 50/50 residential schedule. Smith subsequently filed several motions, including a motion for contempt and a modification of the temporary parenting plan due to a significant change in circumstances. Smith also objected to the children moving with Springer to her new address, claiming "there was no reason[] to move" away from her then-current apartment. Clerk's Papers at 187.

The parties participated in an informal trial on May 7, 2025. The VRP of this trial is not in the appellate record for our review. One week later, Smith moved for reconsideration before the trial court issued a final order. Shortly thereafter, the trial court entered its final order on Smith's objection to the relocation, allowing the children to move with Springer to the desired address. The trial court also issued a new final

3

parenting plan. The plan did not place limitations on either parent, required joint decision-making, and provided a 50/50 residential schedule.

Smith filed several declarations between May 28 and June 16 objecting to the trial court's final parenting plan on multiple grounds. On June 3, the trial court scheduled a hearing to discuss the motion for reconsideration and ongoing issues the parties had expressed to the court. However, on June 26, the trial court denied Smith's motion for reconsideration without oral argument for the purpose of finality.

Smith appeals.

ANALYSIS

Smith argues the trial court erred by failing to address his motion for reconsideration before entering final orders or providing reasons for denying the motion. We disagree. Smith fails to demonstrate that the trial court was obligated to rule on his motion for reconsideration before issuing its final orders, which were the subject of his CR 59 motion.

Under CR 59(b), "[a] motion for a new trial or for reconsideration shall be filed not later than 10 days after the entry of the judgment, order, or other decision." The motion is to "be heard or otherwise considered within 30 days after the entry of the judgment, order, or other decision, unless the court directs otherwise." *Id*.

Smith does not identify any authority requiring the trial court to rule on a party's motion for reconsideration before entering final orders. Nor does Smith demonstrate that

4

the trial court erred by issuing its final order before deciding the motion for

reconsideration. Contrary to Smith's argument, the court provided a written basis for

denying reconsideration that stated Smith did not provide new evidence and merely

repeated his arguments from trial. Regardless, as we discuss below, since Smith failed to

provide the VRP from his trial, he fails to demonstrate the court's final orders were in

error. He therefore also cannot show the court erred in denying the motion for

reconsideration.[1]

As to Smith's remaining challenges, we review the trial court's rulings regarding a

parenting plan for abuse of discretion. *In re Marriage of Littlefield*, 133 Wn.2d 39, 46,

940 P.2d 1362 (1997). "A trial court abuses its discretion if its decision is manifestly

unreasonable or based on untenable grounds or untenable reasons." *Id*. at 46-47. The

trial court's factual findings must be supported by substantial evidence. *In re Marriage*

*of Chandola*, 180 Wn.2d 632, 642, 327 P.3d 644 (2014). Evidence is substantial if it is

"sufficient to persuade a fair-minded person of the truth of the matter asserted." *Id*.

---

[1] Smith also contends the trial court violated the appearance of fairness doctrine by mishandling his CR 59 motion and failing to consider all the evidence. The appearance of fairness doctrine is intended to prevent biased or potentially interested judges from deciding a case. *Tatham v. Rogers*, 170 Wn. App. 76, 95, 283 P.3d 583 (2012). A judicial proceeding does not violate the appearance of fairness doctrine if a reasonably prudent person would conclude that the parties received a fair and impartial hearing. *Id*. at 96. Smith fails to demonstrate that the court mishandled the CR 59 motion or did not consider his evidence in a fair and impartial manner.

The party presenting an issue for appellate review has the burden of providing an adequate record to demonstrate the error. RAP 9.2(b); *State v. Sisouvanh*, 175 Wn.2d 607, 619, 290 P.3d 942 (2012). When reviewing the trial court's findings for substantial evidence, an incomplete record compromises this court's ability to review the findings in light of the record before the trial court. *In re Parentage & Custody of A.F.J.*, 161 Wn. App. 803, 806 n.2, 260 P.3d 889 (2011), *aff'd*, 179 Wn.2d 179, 314 P.3d 373 (2013). We may refuse to address a claimed error when there is a material omission in the record. *State v. Wade*, 138 Wn.2d 460, 465, 979 P.2d 850 (1999). When an appellant fails to provide a VRP, we treat the trial court's findings of fact as verities. *Morris v. Woodside*, 101 Wn.2d 812, 815, 682 P.2d 905 (1984).

Here, Smith challenges the trial court's findings of fact for lack of substantial evidence. The superior court held an informal trial. Presumably, the parties provided testimony in support of their proposed parenting plans, including evidence related to possible limiting factors and Springer's desire to relocate. The trial court weighed the evidence and made findings. Because Smith fails to provide the VRP, any review of the evidence on our part would be fruitless.

We affirm the trial court's denial of Smith's motion for reconsideration and decline review of the remaining claimed errors.

6

No. 41299-7-III
*In re Parenting & Support of S.S. and M.S.*

A majority of the panel has determined this opinion will not be printed in

the Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Hill, J.

WE CONCUR:

_____
Staab, C.J.

_____
Cooney, J.